

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Colleen Elizabeth McGuinn*  *Suite 400*  DIRECT: 410-209-4823
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Colleen.McGuinn@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-3091

April 17, 2024

The Honorable Matthew J. Maddox
United States District Court
101 W. Lombard Street
Baltimore, MD  21201

      RE:    United States v. Crystal Olivia Wright
                 Criminal No. MJM-22-414
                 FILED UNDER SEAL

Dear Judge Maddox:

      The sentencing hearing in the above-captioned matter is currently scheduled for April 30, 2024, at 10 a.m.  The Defendant entered her guilty plea to Count 35, Sexual Exploitation of Children, 18 U.S.C. § 2251(a) (ECF 185).  Specifically, the Defendant and the Government agreed to proceed by way of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), concurring that a 20 year, or 240 month, sentence is the appropriate disposition. (*Id.* at ¶ 12).  As calculated in the Presentence Investigation Report (PSR), ECF 192, the Defendant's adjusted offense level is 43, and her criminal history category is I, resulting in an advisory USSG range of 360 months.  Sexual Exploitation of Children carries a fifteen (15) year mandatory minimum period of incarceration and a maximum sentence of thirty (30) years.

      At this time, the Government does not anticipate seeking restitution for Minor Victim 3; if the Government receives that information or any Victim Impact Statement prior to the sentencing hearing, it will be forwarded to the court and to counsel immediately.  The Government is not seeking an additional special assessment of $5,000 under 18 U.S.C. § 3014(a) due to the Defendant's indigency.  The Government will file a Preliminary Order of Forfeiture as to the device seized in this matter.

      The Government recommends a sentence of 20 years, or 240 months, to the Bureau of Prisons followed by a lifetime of supervised release, and a special assessment of $100.  The Government is also seeking lifetime supervised release. It is sufficient, but not greater than necessary to comply with the factors outlined in 18 U.S.C. § 3553(a), some of which are discussed below.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

1. <u>The Nature and Circumstances of the Offense/History Characteristics of the Defendant:</u>

    The serious nature and circumstances of the offense, described below and more fully in the Statement of Fact, clearly calls out for a sanction sufficient to reflect the Defendant's conduct. 18 U.S.C. § 3553(a)(1). The Defendant sexually abused ▮▮▮▮▮▮▮▮ on the belief that she would be compensated by co-defendant Eugene Edward Golden ("Golden"). During her own Mirandized interview, the Defendant stated that she never actually received any money – and yet she produced 10 horrific videos for him. ▮▮▮▮▮▮▮▮

    One of the more tragic aspects of this particular facts is that Minor Victim 3 knew what was happening. ▮▮▮▮▮▮▮▮

    It is not lost on the Government that the Defendant was victimized, too, by Golden. Golden sought out her, and others, on websites used for prostitution. These websites, like Megapersonals, post ads for commercial sex work often by women, like the Defendant, living in poverty and struggling with mental health and addiction. The Government is aware of the Defendant's medical and mental health history as well as other information from her childhood and background (Def. Sentencing Letter, ECF 198). It is with this knowledge that a recommendation to a c-plea of 240 months was extended – her conduct was egregious and born of her own criminal intent and action, but the Defendant's particular set of circumstances likely did create weaknesses in her character that should be recognized. The Defendant's background certainly does not completely negate her terrible and life-damaging choices, but it does offer enough mitigation for the sentence being recommended by the parties.

2. <u>The Need for the Sentence Imposed:</u>

    The sentence imposed in this case needs to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). This is very serious conduct, ▮▮▮▮▮▮▮▮

███████████████████████████████████████. A sentence of 240 months will vindicate the interests of Minor Victim 3 while balancing the mitigation presented by the Defendant.

This sentence is also necessary to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from further crimes, U.S.C. § 3553(a)(2)(C). There is a pressing need to protect the public from the Defendant. The Defendant must be incarcerated for a substantial period of time so she is deterred from engaging in this activity. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

3. <u>The Kinds of Sentences Available:</u>

The conviction for Sexual Exploitation of a Child in this case carries a mandatory minimum sentence of fifteen (15) years, and a maximum sentence of thirty (30) years in prison. Clearly the factors listed in 3553(a) justify a sentence that is substantial but also balances the mitigation in this case. A sentence of 240 months is certainly within the range of available penalties.

4. <u>The Need to Avoid Unwarranted Sentence Disparities:</u>

The sentence imposed in this case should be consistent with alike cases among defendants with similar records. The Government submits that a 240-month sentence in this case would be consistent with other similar cases in the District of Maryland.

Female defendants committing the crime of Sexual Exploitation of a Child is rare but unfortunately rising given the age of online exploitation and abuse practices. In *United States v. Jane Campbell*, JKB-23-036, the Defendant received a sentence of 210 months upon her plea to Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

For the reasons stated in this letter, the Government respectfully requests that the Court imposed a sentence of 240 months to the Bureau of Prisons, to be followed by lifetime supervised released, impose a $100 special assessment, address the $5,000 additional special assessment, and order restitution if requested, as well as forfeiture.

Very truly yours,

Erek L. Barron
United States Attorney

_____
Colleen Elizabeth McGuinn
Assistant United States Attorney

CC: David Walsh-Little, Counsel to the Defendant
 Jessica Jackson, U.S. Probation Officer