

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Colleen Elizabeth McGuinn*  *Suite 400*  DIRECT: 410-209-4823
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Colleen.McGuinn@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-3091

September 26, 2025

The Honorable Matthew J. Maddox
United States District Court
101 W. Lombard Street
Baltimore, MD  21201

      RE:    United States v. Marianne Miller
               Criminal No. MJM-22-414
               FILED UNDER SEAL

Dear Judge Maddox:

      The sentencing hearing in the above-captioned matter is currently scheduled for October 14, 2025, at 10:00 a.m.  The Defendant entered her guilty plea to Count 121, Sexual Exploitation of Children, 18 U.S.C. § 2251(a) (ECF 307).  Specifically, the Defendant and the Government agreed to proceed by way of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), concurring that a 15 year, or 180-month, sentence is the appropriate disposition. (*Id.* at ¶ 12).  As calculated in the Presentence Investigation Report (PSR), ECF 311, the Defendant's adjusted offense level is 43, and her criminal history category is I, resulting in an advisory USSG range of "life," or 360 months.  Sexual Exploitation of Children carries a fifteen (15) year mandatory minimum period of incarceration and a maximum sentence of thirty (30) years.

      At this time, the Government does not anticipate seeking restitution for Minor Victim 11; if the Government receives that information or any Victim Impact Statement prior to the sentencing hearing, it will be forwarded to the court and to counsel immediately.  The Government is not seeking an additional special assessment of $5,000 under 18 U.S.C. § 3014(a) due to the Defendant's indigency.

      The Government recommends a sentence of 15 years, or 180 months, to the Bureau of Prisons followed by a lifetime of supervised release, and a special assessment of $100.  The Government is also seeking lifetime supervised release. It is sufficient, but not greater than necessary to comply with the factors outlined in 18 U.S.C. § 3553(a), some of which are discussed below.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

    1. <u>The Nature and Circumstances of the Offense/History Characteristics of the Defendant:</u>

The serious nature and circumstances of the offense, described below and more fully in the Statement of Fact, clearly calls out for a sanction sufficient to reflect the Defendant's conduct. 18 U.S.C. § 3553(a)(1). The Defendant sexually abused ▮▮▮▮, who was less than a year old at the time of the offenses, on the belief that she would be compensated by co-defendant Eugene Edward Golden ("Golden").

During her own Mirandized interview, the Defendant acknowledged meeting "Prince" aka Golden through ads for commercial sex on Megapersonals. She stated he offered her $1000 to $2000 for each video of ▮▮▮ but that she never actually received any money. "Prince" told her what to do and say, and, at one point, "Prince" sent her an image of a child as an example. The Defendant said seeing the image of that other child, "made her sick to her stomach," but this did not stop her from doing the exact same thing: sending explicit videos of ▮▮▮▮ genitals and anus to a predator, knowing full well that he was a predator and was sexually interested in children. The Defendant knew Golden was sexually interested in ▮▮▮.

The Defendant created 9 separate videos within the same day or short period of time. These videos show Minor Victim 11, who was just barely 9 months old, being sexually exploited. In one of the videos, the Defendant holds ▮▮▮, Minor Victim 11, by the legs in the air and positions the baby so that the Defendant can expose the anus. ▮▮▮▮ is crying as the Defendant says, "you want to eat these funky butts?" "You want to eat this ass?" "I know you want to fuck this tight asshole." Unlike some of her co-defendants, the Defendant refrains from performing sex acts ▮▮▮▮, but she does kiss Minor Victim 11's buttocks and helps to spread and separate the buttocks to expose the anus.



2. <u>The Need for the Sentence Imposed:</u>

The sentence imposed in this case needs to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A sentence of 180 months will vindicate the interests of Minor Victim 11 while balancing the mitigation presented by the Defendant.

This sentence is also necessary to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from further crimes, U.S.C. § 3553(a)(2)(C). There is a pressing need to protect the public from the Defendant. The Defendant must be incarcerated for a substantial period of time, so she is deterred from engaging in this activity.

3. **The Kinds of Sentences Available:**

The conviction for Sexual Exploitation of a Child in this case carries a mandatory minimum sentence of fifteen (15) years, and a maximum sentence of thirty (30) years in prison. Clearly the factors listed in 3553(a) justify a sentence that is substantial but also balances the mitigation in this case. A sentence of 180 months is certainly within the statutory range of available penalties.

4. **The Need to Avoid Unwarranted Sentence Disparities:**

The sentence imposed in this case should be consistent with alike cases among defendants with similar records. The Government submits that a 180-month sentence in this case would be consistent with other similar cases in the District of Maryland.



Four of the female co-defendants in this case have also been sentenced. Each of these women had similar traumatic or difficult histories including addiction, mental illness, and prior adverse childhood experiences.



For the reasons stated in this letter, the Government respectfully requests that the Court

impose a sentence of 180 months to the Bureau of Prisons, to be followed by lifetime supervised released, impose a $100 special assessment, address the $5,000 additional special assessment, and order restitution if requested.

Very truly yours,

Kelly O. Hayes
United States Attorney

_____
Colleen Elizabeth McGuinn
Assistant United States Attorney

CC:  Jose Molina, Counsel to the Defendant
     Ashley Crouch, U.S. Probation Officer