

*U.S. Department of Justice*

*United States Attorney*
*District of Maryland*

---

**Colleen Elizabeth McGuinn**
*Assistant United States Attorney*
*Colleen.McGuinn@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4823*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

August 8, 2025

The Honorable Matthew J. Maddox
United States District Court
101 W. Lombard Street
Baltimore, MD 21201

      RE:    United States v. Quanita Saquia Kellie Hines
                 Criminal No. MJM-22-414
                 FILED UNDER SEAL

Dear Judge Maddox:

      The sentencing hearing in the above-captioned matter is currently scheduled for October 21, 2025, at 10:00 a.m. The Defendant entered her guilty plea to Count 95, Sexual Exploitation of Children, 18 U.S.C. § 2251(a) (ECF 288). Specifically, the Defendant and the Government agreed to proceed by way of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), concurring that a 15 year, or 180 month, sentence is the appropriate disposition. (*Id.* at ¶ 12). As calculated in the Presentence Investigation Report (PSR), ECF 313, the Defendant's adjusted offense level is 43, and her criminal history category is I, resulting in an advisory USSG range of 360 months. Sexual Exploitation of Children carries a fifteen (15) year mandatory minimum period of incarceration and a maximum sentence of thirty (30) years.

      At this time, the Government does not anticipate seeking restitution for Minor Victim 9 and Minor Victim 10; if the Government receives that information or any Victim Impact Statement prior to the sentencing hearing, it will be forwarded to the court and to counsel immediately. The Government is not seeking an additional special assessment of $5,000 under 18 U.S.C. § 3014(a) due to the Defendant's indigency.

      The Government recommends a sentence of 15 years, or 180 months, to the Bureau of Prisons followed by a lifetime of supervised release, and a special assessment of $100. The Government is also seeking lifetime supervised release. It is sufficient, but not greater than necessary to comply with the factors outlined in 18 U.S.C. § 3553(a), some of which are discussed below.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

1. <u>The Nature and Circumstances of the Offense/History Characteristics of the Defendant:</u>

The serious nature and circumstances of the offense, described below and more fully in the Statement of Fact, clearly calls out for a sanction sufficient to reflect the Defendant's conduct. 18 U.S.C. § 3553(a)(1). The Defendant sexually abused ▮▮▮ children, who were 5 years old and 1 years old at the time of the offenses, on the belief that she would be compensated by co-defendant Eugene Edward Golden ("Golden").

During her own Mirandized interview, the Defendant initially denied exploiting children for money or in an attempt to get money and blamed her sister. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Eventually, she was confronted with some images taken from the videos, and the Defendant admitted that she did produce the videos, stating she was smoking a lot of marijuana at the time and did not fully remember. The Defendant explained that she was in extreme financial distress and that when Golden offered her money, she agreed to create the videos he requested.

The videos that were created depicted ▮▮▮▮▮▮ two young and vulnerable children. The eight files were created in a very short window of time wherein the Defendant engaged in the lascivious display of the genitals and anuses ▮▮▮▮▮▮▮. The Defendant is heard saying, "Yeah Prince, who would want to see these young kids' ass? So nasty. You want to see some young kids' assholes? Get into that asshole Prince." In one video, the Defendant grips Minor Victim 10 by the armpits while capturing a video of his exposed penis while ▮ ▮▮▮▮▮ is seen running around in the background. The Defendant knew full well that she was sending these video files to a pedophile, a man who wanted to see sexualized videos of ▮▮▮ children. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In March of 2023, about four years after the creation of the videos, the investigators were still working to positively identify the Defendant as well as Minor Victim 9 and Minor Victim 10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

It is not lost on the Government that the Defendant was victimized, too, by Golden. Golden sought out her, and others, on websites used for prostitution. These websites, like Megapersonals, post ads for commercial sex work often by women, like the Defendant, who struggle with a whole host of issues, often including childhood trauma, abuse and addiction. It is with this knowledge that a recommendation to a c-plea of 180 months was extended – her conduct was egregious and born of her own criminal intent and action, but the Defendant's particular set of circumstances likely did create weaknesses in her character that should be recognized. The Defendant's background certainly does not completely negate her terrible and life-damaging choices, but it does offer enough mitigation for the sentence being recommended by the parties.

2. The Need for the Sentence Imposed:

The sentence imposed in this case needs to reflect the seriousness of the offense, promote

respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). This is very serious conduct, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A sentence of 180 months will vindicate the interests of Minor Victim 9 and Minor Victim 10 while balancing the mitigation presented by the Defendant.

This sentence is also necessary to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from further crimes, U.S.C. § 3553(a)(2)(C). There is a pressing need to protect the public from the Defendant. The Defendant must be incarcerated for a substantial period of time so she is deterred from engaging in this activity. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, it stands to reason there is little else that would keep the Defendant from committing offenses in the future unless she is given a just punishment here.

3. The Kinds of Sentences Available:

The conviction for Sexual Exploitation of a Child in this case carries a mandatory minimum sentence of fifteen (15) years, and a maximum sentence of thirty (30) years in prison. Clearly the factors listed in 3553(a) justify a sentence that is substantial but also balances the mitigation in this case. A sentence of 180 months is certainly within the range of available penalties.

4. The Need to Avoid Unwarranted Sentence Disparities:

The sentence imposed in this case should be consistent with alike cases among defendants with similar records. The Government submits that a 180-month sentence in this case would be consistent with other similar cases in the District of Maryland.

Female defendants committing the crime of Sexual Exploitation of a Child is rare but unfortunately rising given the age of online exploitation and abuse practices. In *United States v. Jane Campbell*, JKB-23-036, the Defendant received a sentence of 210 months upon her plea to Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2). Similarly, the defendant exploited ▮▮▮▮▮▮ child at the behest of another defendant, John Balch, producing images of her when she was 9 years old and sending them to Balch. The Defendant produced images again as the victim got older in exchange for money from Balch and actually brought the victim to Balch on one occasion.

Four of the female co-defendants in this case have also been sentenced. Each of these women had similar traumatic or difficult histories including addiction, mental illness and prior adverse childhood experiences. In *United States v. Ocean Sun Searay Mahone*, the defendant received an 18-year sentence; her offenses involved one victim in four video files created within approximately 48 hours. In *United States v. Crystal Olivia Wright,* the defendant received a 20-year sentence; her offenses involved one victim in ten video files created within a short window of time. In *United States v. April Denise Dunbar,* the defendant received a 22-year sentence; her offenses involved five victims in ten video files created mostly within the same week. In *United States v. Edna Lenore Dineen Lopez,* the defendant received a 22-year sentence; her offenses involved two victims in ten videos created over an extended period of time.

      For the reasons stated in this letter, the Government respectfully requests that the Court imposed a sentence of 180 months to the Bureau of Prisons, to be followed by lifetime supervised released, impose a $100 special assessment, address the $5,000 additional special assessment, and order restitution if requested.

Very truly yours,

Kelly O. Hayes
United States Attorney

Colleen Elizabeth McGuinn
Assistant United States Attorney

CC: Tony Garcia, Counsel to the Defendant
     Danielle Sanger, U.S. Probation Officer